IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONALD S. SNIPE,

    Petitioner,

v.                                                   Civil Action No. 3:08cv22
                                                  (Judge Bailey)

DEPARTMENT OF JUSTICE,
BUREAU OF PRISONS,
FCI MORGANTOWN,
WAYNE PHILLIPS, Warden,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

**A. Petitioners' Conviction and Sentence**

On October 17, 2005, the petitioner was sentenced to sixty months incarceration by the United States District Court for the Northern District of Ohio. [Civ DE 1]. Petitioner plead guilty to violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Id. On November 16, 2005, the petitioner self surrendered to FCI Morgantown where he is scheduled to be released on March 20, 2010. [Civ DE 15] at 2. The Court, in its Judgment and Commitment Order, ordered the petitioner to participate in a drug treatment program. Id.

**B. The Petition**

On January 24, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Civ DE 1]. In his petition, the petitioner claims that he should receive the

1

early release provisions of 18 U.S.C. § 3621(e), for successful completion of the RDAP.[1] The petitioner specifically claims that his "crime [was] not a crime of violence according to policy statement 5162.02 [hereinafter P.S. 5162.02], Crimes of Violence or Program Statement 5162.04, Catergorization [sic] or Offenses." Id. Petitioner further asserts that he should receive the benefit of 28 C.F.R. § 570.21, which deals with early release to community confinement, if he is not going to receive the benefits of 28 C.F.R. § 550.58. Id.

## C. Motion for Issuance of Writ/Supplemental Filing

On March 20, 2008, the petitioner filed a Motion for Issuance of Writ; Return; Hearing; Decision per 28 U.S.C. § 2243. [Civ DE 10]. It is apparent that this is a supplement to the initial petition and the undersigned will construe it as such. In the supplement, the petitioner raises the issue set forth in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). Id. Specifically, the petitioner challenges the validity of the Bureau of Prison's promulgation of 28 C.F.R. § 550.58,[2] that a conviction for being a felon in possession of a firearm prohibits application of the one-year early release provision. Id. In support of his claim, the petitioner asserts that § 550.58 is arbitrary and capricious in violation of the Administrative Procedure Act APA, 5 U.S.C. § 706(2)(A). Id.

---

[1] Petitioner began the RDAP program on April 20, 2008 and is scheduled to graduate on January 23, 2009. [Civ DE 14].

[2] The specific section that is challenged is 28 C.F.R. § 550.58(a) (1)(vi)(B) which reads:
(a) Additional Early Release Criteria . . . (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmate are not eligible for early release: . . . (vi) Inmates whose current offense is a felony: . . . (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

## D. The Respondent's Motion

On April 1, 2008, the undersigned issued an Order to Show Cause specifically directing the Government to respond to the petitioner's claims. [Civ DE 11]. On May 7, 2008, the Government responded with a Motion to Dismiss or in the Alternative, for Summary Judgment. [Civ DE 14]. The Government, in a memorandum in support of its motion, argues four points:

> 1. 18 U.S.C. § 3625 precludes judicial review of the BOP's *substantive determination* about petitioner's eligibility for early release.
>
> 2. Arrington is not controlling because the BOP was not required by the APA to engage in *notice and comment* rule-making prior to implementing [P.S. § 5162.04 ] . . . .
>
> 3. The BOP properly utilized program statement 5162.04 in *coming to the determination* that petitioner was not eligible for early release pursuant to 18 U.S.C. § 3621(e)
>
> 4. This petition should be dismissed because the issues are not yet ripe for adjudication.

[Civ DE 14] (emphasis added).

In point four, the Government specifically argues that this issue is not yet ripe because the petitioner has not completed the RDAP and is therefore not yet eligible for early release under § 3621(e). This issue is addressed in section **III. B.** below

As to points one through three, the Government argues in essence, that judicial review of the BOP's decision to deny the petitioner early release is precluded because such eligibility is a substantive agency decision, P.S. § 5162.04 is an interpretive rule which makes it exempt from the notice and comment requirements of the APA, and the BOP properly utilized P.S. § 5162.04 to deny the petitioner early release. All of these arguments address the issue that was first raised by the petitioner in his initial pleading -- that he was improperly denied the benefit of the early release

provision of 18 U.S.C. § 3621(e). The Government supports these arguments by citing a slew of caselaw on these subjects. Moreover, the undersigned acknowledges that the law in these areas is well settled and that the petitioner is not entitled to any relief on these claims. However, the more important and unsettled issue raised in the petitioner's supplemental pleading remains largely unanswered. That issue is whether the BOP acted arbitrarily or capriciously, in violation of § 706(2)(A) of the APA, when promulgating § 550.58. Nevertheless, the Government's motion does not directly address this issue, nor does the cited caselaw. The caselaw cited by the Government relates to those issues that the Court has already deemed meritless, and therefore, are not instructive on the substantive matter to be addressed herein.

E. **Petitioners' Response**

To date the petitioner has filed two "Conditional Acceptance for Value of Respondent's Motion to Dismiss or in the Alternative for Summary Judgement."[3] [Civ DE 18 and 20]. Neither of these filings provide any new information nor address the important issue raised in Arrington.

II. **Historical Background**

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In 1994, Congress authorized the BOP to reduce by up to one year the sentence of "a prisoner convicted of a nonviolent offense" who

---

[3]On August 1, 2008, petitioner filed a "Non-response to Private Conditional Acceptance for Value for Proof of Claim in the Nature of Request for Discovery to Exhaust Private Administrative Remedy." This pleading provides nothing of substance and therefore will not be addressed.

successfully completes a treatment program. 18 U.S.C. § 3621(e)(2)(B);[4] Pelissero v. Thompson, 170 F.3d 442, 443-444 (4th Cir. 1999).

Congress delegated to the BOP authority to administer its drug abuse programs, see 28 C.F.R. §550.56, and gave the BOP the discretion to determine which prisoners may participate in RDAP and which prisoners are eligible for sentence reductions. Lopez v. Davis, 531 U.S. 230 (2001).

However, Congress did not define the term "nonviolent offense" used in §3621(e)(2)(B). Consequently, the BOP adopted a regulation in May 1995, which defined "'nonviolent offense' as a converse of 'a crime of violence,'" and "excluded from eligibility for early release under §3621(e)(2)(B) those inmates whose 'current offense is determined to be a crime of violence' as set forth in 18 U.S.C. §924(c)(3)." Pelissero, 170 F. 3d at 444; see also 28 C.F.R. §550.58. In addition to enacting the regulation, in May 1995, the BOP adopted P.S. § 5330.10 which reiterated Regulation 550.58. Additionally, in July 1995, the BOP adopted P.S. § 5162.02 "to further assist case management staff in deciding whether an inmate qualifies for early release under 18 U.S.C. §3621(e)(2)(B) and under implementing Regulation 550.58." Program Statement § 5162.02 identified offenses that may be crimes of violence and specifically provided that an individual who is convicted of a drug offense under 21 U.S.C. §841 and received a two-level enhancement for possession of a gun has been convicted of a crime of violence. Id.

However, as noted by the Fourth Circuit in Pelissero, some federal courts held that

---

[4]This section provides as follows:
The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

5

possession of a firearm by a felon is not a crime of violence under 18 U.S.C. §924(c), so the BOP adopted a revised Regulation 550.58 in October 1997. In its revised regulation, the BOP deleted the crime of violence definition from 18 U.S.C. §924(c), but stated that at the director's discretion inmates whose current offense is a felony which involved the carrying, possession, or use of a firearm or other dangerous weapon were excluded from eligibility for early release. The BOP amended P.S. § 5330.10 to reflect this change and also adopted P.S. § 5162.04, effective October 9, 1997, which provided that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons."

The 1997 regulation was an interim regulation which was finalized on December 22, 2000. See 65 Fed. Reg. 80745.[5]

The APA requires administrative agencies, including the BOP, to provide notice of a proposed rule and a public comment period. See 5 U.S.C. §553; Chen Zhou Chai v. Carroll 48 F.3d 1331 (4th Cir. 1995). However, the notice and comment period of the APA does not apply to"to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. §553(b)(3).

### III. Analysis

#### A. Proper Respondent

Before delving into the substance of the arguments set forth, the correct respondent must be

---

[5]The Government argues the 1997 regulation does not apply because the petitioner's eligibility for the one-year reduction was reviewed March 30, 2007. The undersigned is of the opinion that the petitioner does not raise this issue in either the petition or his supplemental filing. Therefore, this issue will not be discussed further herein.

ascertained. In the petition, the petitioner names the Department of Justice (DOJ), the Bureau of Prisons (BOP) and FCI Morgantown as respondents. However, the proper respondent in a habeas corpus action is the custodian of the prisoner. See 28 U.S.C. § 2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"); Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. Of Ky., 410 U.S. 484, 494 (1973) ("[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody). Consequently, the proper respondent in this case is solely Warden Wayne Phillips and all other named respondents should be dismissed from the case.

**B.  Ripeness**

The Government makes the argument that this issue is no yet ripe for adjudication because the petitioner has not completed the RDAP and is therefore not yet eligible for early release under § 3621(e). [Civ DE 14]. Specifically, the Government argues that petitioner's challenge "is premature because 28 C.F.R. § 550.58 has not been applied to him in any concrete way that would permit a fair assessment of its lawfulness in the proper context." Id.

The Supreme Court has recognized that "[t]he ripeness doctrine 'is drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (2003). "The central concern of both power and discretion is that the tendered case involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." Metzenbaum v. Fed. Energy Regulatory Comm'n, 675 F.2d 1282, 1289-1290 (C.A.D.C. 1982) (citations omitted). The

basic rationale of ripeness is

> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a two fold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.

Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967) (overruled on other grounds).

The Government is essentially arguing that the Court must wait to see if the petitioner completes the RDAP program prior to determining whether the early release provisions of § 3621(e) have been improperly denied to the petitioner. However, while the Court recognizes that the petitioner must still complete the program, the decision to preclude the petitioner from early release under § 3621(e) has already been made and appealed to the highest administrative level. Therefore, the petitioner has received a final answer and that answer will not change. Because an "administrative decision has been formalized," and the petitioner "feels its effect in a concrete way," the issue is ripe for adjudication.

## C. The Administrative Procedures Act

Section 706(2)(A) of the APA states that a court will "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Furthermore, "[i]n making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706. "Judicial review . . . is generally based on the administrative record that was before the agency at the time of its decision . . . ." Fort Sumter

8

Tours v. Babbitt, 66 F.3d 1324, 1336 (4th Cir. 1995) (quoting Lewis v. Babbitt, 998 F.2d 880, 881 (10th Cir. 1993)). Under these provision of the APA, the scope of review is narrow and deferential. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). While the agency starts with the presumption that its action is valid, Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971) *overruled on other grounds by* Califano v. Sanders, 430 U.S. 99, 105 (1977), if an agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise" then it is arbitrary and capricious. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

When reviewing the agency decision, the court must consider whether "the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Citizens to Preserve Overton Park, Inc., 401 U.S. at 416. Under such deferential review, we may not substitute our judgment for that of the agency. Marsh v. Or. Natural Res. Council, 490 U.S. 360, 376, (1989). Further, "*[p]ost hoc* explanations of agency action by appellate counsel cannot substitute for the agency's own articulation of the basis for its decision." Arrington, 516 F.3d at 1113 (citing Fed. Power Comm'n v. Texaco, Inc., 417 U.S. 380, 397 (1974)). A court can, however, "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 286 (1974).

### D.  Arrington v. Daniels

The Ninth Circuit in Arrington held that 28 C.F.R. § 550.58 violates the APA because it is arbitrary, capricious, an abuse of discretion, or is otherwise not in accordance with the law. The

9

Court stated:

> [the] district court had found two rational bases for the Bureau's decision to categorically exclude from eligibility for early release those prisoners convicted of offenses involving the possession, carrying, or use of firearms: (1) the increased risk that offenders with convictions involving firearms might pose to the public and (2) the need for uniformity in the application of the eligibility regulation.

Arrington, 516 F.3d at 1113.

### 1. **Threat to the public safety**

As to the first rationale, those convicted of firearm offenses pose a greater threat to public safety, the Ninth Circuit found this rationale arbitrary and capricious. Specifically, the Court found that this rationale was no where in the administrative record. "[The Court is] limited to the explanations offered by the agency in the administrative record." Id. (citing State Farm Mut. Auto Ins. Co., 463 U.S. at 50). It was irrelevant to the Court that this rationale was proffered by the Bureau in its brief to the Supreme Court in Lopez. Id. The Court found this to be a type of "'*post hoc* rationalization' of appellate counsel that it was forbidden to consider in conducting its review under the APA." Id. (citing Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)).

Furthermore, the Court, in a footnote, discussed the argument that it is a common sense decision to exclude those prisoners convicted of offenses involving firearms. Arrington, 516 F.3d at 1113. The Bureau, using Bowen, 202 F.3d at 1219, made the argument that because it is common sense that these types of prisoners pose a threat to public safety "[the Bureau] should . . . not be required to further support its decision with detailed analysis or empirical support." Arrington, 516 F.3d at 1113. In response the Ninth Circuit stated:

> The Bureau's "common-sense" argument lacks legal significance in the APA review context where, as here, the agency failed to articulate the grounds for

10

> its purportedly common-sense decision anywhere in the administrative record. Although our review is deferential, the Bureau is not immune from its responsibility to "articulate [ ] a rational connection between the facts found and the choices made." [Ranchers cattlemen Action Legal Fund v. U.S. Dep't of Agriculture, 415 F.3d 1078, 1094 (9th Cir. 2005).] Given the Bureau's failure to articulate any rationale, its argument that the agency should not be required to provide additional detailed analysis and empirical support for its purportedly "common-sense" decision is inapposite.

Id. Therefore, the Ninth Circuit found this reasoning could not be considered.

### 2. Uniformity

"Uniformity in the application of the eligibility regulation," while in the administrative record, was still found to be arbitrary and capricious by the Ninth Circuit. Arrington, 516 F.3d at 1113. 65 Fed. Reg. 80745 states that the third interim rule attempted to correct the varying interpretations of the first interim rule so that "the Bureau could apply the regulation in a uniform and consistent manner." However, uniformity, according to the Ninth Circuit, does not explain the choice that was made between including or excluding those prisoners convicted of offenses involving the possession, carrying, or use of firearms. Arrington, 516 F.3d at 1114.

> The agency's lack of explanation for its choice renders its decision arbitrary and capricious. See, e.g., Burlington Truck Lines, Inc., 371 U.S. at 167 (striking down action for failure to explain why agency chose one of two available remedies where "[t]here are no findings and no analysis here to justify the choice made, no indication of the basis on which the [agency] exercised its expert discretion").

Arrington, 516 F.3d at 1114.

### 3. Lopez Decision

The Ninth Circuit distinguished Lopez v. Davis, 531 U.S. 230 (2001), which on its face seemingly justifies 28 C.F.R. § 550.58. The Court stated that Lopez "addressed a distinct question: whether the Bureau had the authority to pass a rule categorically excluding otherwise eligible

11

prisoners from a grant of early release under § 3621(e)." Arrington, 516 F.3d at 1115. The Supreme Court, in deciding this question, did not "consider an APA challenge to the validity of the Bureau's 1997 interim rule." Id.

The Court in Lopez did agree with the Bureau's rationale that "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Lopez, 531 U.S. at 245. However, as the Ninth Circuit points out, "this rationale . . . was supported by citation not to the administrative record but to the Bureau's brief." Arrington, 516 F.3d at 1115 (citing Lopez, 531 U.S. at 236). The Ninth Circuit states that "[t]he Lopez Court's reliance on the arguments of appellate counsel, rather than on the administrative record, evidences the fact that the Lopez Court . . . was not engaged in § 706 review." Arrington, 516 F.3d at 1115-16. Although the Lopez decision recognized "that there are rational explanations for the 1997 interim rule, which is identical to the Bureau's final rule in this case, they do not address whether the agency itself articulated those rationales in promulgating the final rule as required by § 706." Arrington, 516 F.3d at 1116. Since no legitimate rationale was given, the rule promulgated by the Bureau in 28 C.F.R. § 550.58 does not meet the arbitrary and capricious standard. Id.

### 4. Cases Distinguishing Arrington[6]

#### a. Gatewood v. Outlaw

---

[6]To date, the case law on this issue is sparse. There are, however, many cases that are pending review in different jurisdictions all dealing with the issues raised in Arrington. These include Broadwater v. Bledsoe, No. 3:08-CV-00319 (S.D. Ill. filed April 29, 2008), and Minotti v. Lappin, No. 1:08-CV-01418 (D. Md. filed June 2, 2008). The Gatewood decision is also being appealed in Gatewood v. Outlaw, No. 08-2197 (8th Cir. filed May 29, 2008). Currently the Appellant's brief is due on August 8, 2008, and the Appellee's brief is due September 8, 2008.

To date only two Courts have distinguished the Arrington decision. One is the Eastern District of Arkansas in Gatewood v. Outlaw, No. 2:08-CV-00054, 2008 U.S. Dist. LEXIS 37854, 2008 WL 2002650 (E.D. Ark., May 8, 2008).[7] The circumstances in that case are similar to the facts set forth in the instant case. The Gatewood case declined to adopt the holding in Arrington because "it appear[ed] to conflict with the reasoning in controlling Supreme Court . . . precedent."[8] Gatewood v. Outlaw, No. 2:08-CV-00054, 2008 U.S. Dist. LEXIS 37854, at *3, 2008 WL 2002650, at *3. The Gatewood Court stated that because the agency was given discretion to craft § 550.58, its interpretation was to be given great deference. Id. Moreover, it found that the Supreme Court's prior rulings, while never directly stating so, still held language that § 550.58 satisfied the requirements of § 706. Id. In furtherance of this point, the Gatewood Court pointed to the Supreme Court's ruling in Lopez. The Gatewood Court found that "the Court explicitly found 28 C.F.R. § 550.58 to be permissible and reasonable under its analysis." Id. (citing to Lopez, 531 U.S. at 244).

As the Gatewood Court properly notes following this, Lopez only dealt with the BOP's interpretation of § 3621(e). The Supreme Court never dealt with the promulgation of § 550.58. The Gatewood Court's broad reading of Lopez, however, would in effect negate the statutory requirements of § 706. For that reason, the undersigned finds this case to be unpersuasive.

### b. Riopelle v. Eichenlaub

The other Court to addresses the issues raised in Arrington is Riopelle v. Eichenlaub, No.

---

[7]The District Court accepted in whole the Report and Recommendation from Magistrate Judge Beth Deere. Id.

[8]See also Delgado v. Fed. Bureau of Prisons, No. 1:08-CV-02074, 2008 U.S. Dist. LEXIS 37568 (D.N.J. May 7, 2008). This Court *inter alia*, also read the dicta in Lopez very broadly so as to justify § 550.58.

2:08-CV-11754, 2008 U.S. Dist. Lexis 57566, 2008 WL 2949236 (E.D. Mich. July 29, 2008). The issue in Riopelle is very similar to the present one. The Riopelle Court rejected Arrington and upheld § 550.58 for two reasons. First, and in much the same way that Gatewood came to its decision, albeit in a more concise manner, the Court read the dicta in Lopez in an overly broad fashion. Riopelle, No. 2:08-CV-11754, 2008 U.S. Dist. Lexis 57566, at *3-4, 2008 WL 2949236, at *3-4. For the same reasons listed above, the undersigned finds this argument to be unpersuasive.

Second, the Court found that it lacked "jurisdiction pursuant to 18 U.S.C. § 3625, to review petitioner's claim that the BOP's enactment of § 550.58 violated the APA." Riopelle, No. 2:08-CV-11754, 2008 U.S. Dist. Lexis 57566, at *4, 2008 WL 2949236, at *4. The Court, in coming to this decision states

> [Arrington's holding was that] the BOP's implementation of § 550.58 violated the provisions of the APA, because the BOP failed to articulate a rationale for categorically excluding from early release any prisoner who had been convicted of an offense involving the carrying, possession, or use of a firearm as required under 5 U.S.C. § 706(2)(A). The problem with the Ninth Circuit's decision, however, is that *it ignores 18 U.S.C. § 3625*, which exempts the BOP's decision to deny the reduction of a sentence from the requirements of 5 U.S.C. § 706(2)(A). See 18 U.S.C. § 3625 (providing that 5 U.S.C. § 706 of the APA *"do[es] not apply to the making of any determination, decision or order"* made by the BOP pursuant to the provisions of 18 U.S.C. § 3621, was applicable *et seq.*).

Id. (emphasis added).

The problem with this holding is that Arrington dealt with a petitioner who was challenging the procedural aspects or the rule making decisions of § 550.58, not an agency adjudication or substantive decision from the BOP. 18 U.S.C. § 3625 by its plain language only deals with substantive decisions or agency adjudications and is not *controlling when dealing with procedural aspects or rule making decisions* of an agency. Jasperson v. Fed. Bureau of Prisons, 460 F. Supp.

14

2d 76, 84 (D.D.C. 2006)(holding that challenges to rule making are not precluded by § 3625); Cook v. Wiley, 208 F.3d 1314, 1318 (11th Cir. 2000)(same); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998)(stating that "it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rule making decisions."); Fristoe v. Thompson, 144 F.3d 627, 630-31 (10th Cir. 1998)(concluding that "[w]hile 3625 may preclude us from reviewing the BOP's substantive decision . . . it does not prevent us from interpreting the statute to determine whether the BOP exceeded its statutory authority."); Wiggins v. Wise, 951 F.Supp. 614, 618-19 (S.D. W.Va. 1996)(holding that "18 U.S.C. 3625 does not preclude judicial review of agency rule making.").

This case is neither controlling nor persuasive because it appears to confuse rule making decisions, which are completely reviewable by a Court, with agency adjudications, which are generally not reviewable. Since the petitioner is clearly challenging the promulgation of § 550.58, 18 U.S.C. § 3625 is not applicable.

E. **Conclusions**

The issue in this case is simple. Did the BOP violate the APA's arbitrary and capacious standard when promulgating § 550.58? At first blush it appears that Lopez is controlling on this issue. However, as noted by the Ninth Circuit in Arrington, Lopez holds only that the BOP has the discretion to categorically exclude based on its authority to *interpret* an ambiguous statute. Arrington, 516 F.3d at 1115. Nevertheless, this case does not involve an issue of interpretation, but of promulgation. Lopez simply does not speak to this issue, either implicitly or explicitly.

Moreover, the clear weight of authority holds that in reviewing the promulgation of a regulation under the APA, the Court is constrained to the administrative record. Fort Sumter Tours v. Babbitt, 66 F.3d 1324, 1336 (4th Cir. 1995) (quoting Lewis v. Babbitt, 998 F.2d 880, 881 (10th Cir. 1993)). In this case, the BOP has not offered any reasonable explanation for the categorical

15

exclusion at issue in this case. Uniformity, while an admirable goal, is not sufficient in and of itself to justify the exclusion because it does not explain the choice that was made, see Burlington Truck Lines, Inc., 371 U.S. at 167, especially in light of the goals of 18 U.S.C. § 3621(e), which § 550.58 is supposed to interpret. The purpose of the Act itself is to provide a program that gives the *maximum amount* of eligible inmates the opportunity to beat their dependency on drugs. See Lopez, 531 U.S. at 234. The program transcends the time in prison by extending into an inmate's reintroduction into society. For the BOP to categorically exclude a group of inmates from the program without giving a rationale for doing so, is contrary to the purpose of the Act, and therefore is arbitrary and capricious when considered under the requirements of the APA. To allow the BOP's promulgation of § 550.58 would completely ignore the requirements of the APA. Congress certainly did not enact the APA without intending it to be followed and the undersigned cannot ignore its requirements.

Therefore, the undersigned finds that the BOP violated § 706 of the APA in promulgating 28 C.F.R. § 550.58. Accordingly, the undersigned recommends that the petitioner's § 2241 petition be granted to the extent that the regulation used to deny petitioner's early release under § 3621(e) is invalid. The BOP still, however, has the authority to otherwise apply its discretion in determining the petitioner's early release eligibility under § 3621(e). For this reason, the Court cannot grant the petitioner one-year off his sentence as he requests. Instead, the Court merely finds that the BOP cannot use § 550.58 to deny early release to this petitioner.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the Department of Justice, the Bureau of Prisons, and FCI-Morgantown be **DISMISSED** as respondents in this action. The undersigned further recommends that the respondent's Motion to Dismiss [Civ DE 14] be **DENIED**

and the petitioner's § 2241 motion [Civ DE 1] be **GRANTED**. It is further recommended that the petitioner's Motion for Issuance of Writ, Return, Hearing, Decision Per 28 U.S.C. § 2243 be **CONSTRUED** as a Supplement in Support of the Petition and **TERMINATED** from the pending motions report.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984). **In the alternative, the respondent may submit a motion for reconsideration to the undersigned within ten days of the date of this Opinion/Report and Recommendation, based on additional and/or newly discovered information not previously provided.**

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 7, 2008.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE